IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADRIAN L. DUNN, )<br>)<br>Defendant. ) | Case No. 09-00188-04-CR-W-NKL |

REPORT AND RECOMMENDATION

This matter is currently before the Court on defendant Dunn's Motion to Suppress Wire Intercept Evidence (doc #370) and Motion to Suppress All Evidence Not Disclosed On or Before July 6, 2009 (doc #379). For the reasons set forth below, it is recommended that these motions be denied.

I. INTRODUCTION

On June 11, 2009, the Grand Jury returned a one-count indictment against defendants Alejandro S. Corredor, Cindi M. Corredor, Vincent E. Charles, Adrian L. Dunn, Terrance M. Harris, Roy D. Murray, Danny R. Moore, Cheo D. Miles, Kendall L. Howard, Delondo Bellamy, Dennis L. Westbrook, Dauod L. Holmes, Nicholas L. Lathen and Sean Charles. The indictment charges that between January 1, 2007, and the date of the indictment, all defendants conspired to distribute five kilograms or more of cocaine and fifty kilograms or more of marijuana.

On August 20, 2009, the Grand Jury returned a twenty-four count superseding indictment against the same defendants charged in the original indictment. Defendant Dunn is charged in Counts One and Sixteen. Count One of the superseding indictment charges that between January 1, 2007, and the date of the superseding indictment, all defendants conspired to distribute five kilograms or more of cocaine and fifty kilograms or more of marijuana. Count Sixteen charges that on May 17, 2009, defendant Dunn used a telephone to facilitate the distribution of cocaine.

On December 9, 2010, an evidentiary hearing was held on defendant's Motion to Suppress

Evidence Recovered From 8717 Kentucky Avenue (doc #381). At the suppression hearing, defense counsel advised that defendant Dunn's Motion to Suppress Wire Intercept Evidence (doc #370) and Motion to Suppress All Evidence Not Disclosed On or Before July 6, 2009 (doc #379) did not require a hearing and could be ruled based on the pleadings. (Tr. at 2-3)

## II. DISCUSSION

### A. Motion to Suppress Wire Intercept Evidence

Defendant argues that the inventory notice he received from the United States Attorney's Office, pursuant to 18 U.S.C. § 2518(8)(d), was untimely. (Motion to Suppress Wire Intercept Evidence (doc #370) at 2) Based upon the government's failure to comply with the requirements of section 2518, defendant asks the Court to suppress all of the evidence allegedly pertaining to him on the wire intercept recordings and transcripts of defendant Alejandro Corredor's cellular phone conversations. (Id.) Defendant further argues that suppression is warranted because the government has failed to prove with sufficient evidence that he is the individual recorded on the intercepted telephone calls. (Suggestions in Support of Defendant Adrian Dunn's Motion to Suppress Wire Intercept Evidence (doc #372) at 2) The Court will address each of defendant's arguments.

#### 1. Untimely Inventory Notice

The statute at issue, entitled "Procedure for interception of wire, oral, or electronic communications," provides in part:

> (d) Within a reasonable time but not later than ninety days after the filing of an application for an order of approval under section 2518(7)(b) which is denied or the termination of the period of an order or extensions thereof, the issuing or denying judge shall cause to be served, on the persons named in the order or the application, and such other parties to intercepted communications as the judge may determine in his discretion that is in the interest of justice, an inventory which shall include notice of–
>
> > (1) the fact of the entry of the order or the application;
> >
> > (2) the date of the entry and the period of authorized, approved or disapproved interception, or the denial of the application; and
> >
> > (3) the fact that during the period wire, oral, or electronic communications were or were not intercepted.

> The judge, upon the filing of a motion, may in his discretion make available to such person or his counsel for inspection such portions of the intercepted communications, applications and orders as the judge determines to be in the interest of justice. On an ex parte showing of good cause to a judge of competent jurisdiction the serving of the inventory required by this subsection may be postponed.

18 U.S.C. § 2518(8)(d).

As set forth above, defendant argues that the inventory notice he received from the United States Attorney's Office pursuant to 18 U.S.C. § 2518(8)(d) was untimely in that it was not received within ninety days after the termination of the interception period.[1] The government responds that while the inventory notice was sent beyond the ninety-day period, the government strictly complied with the statute in that its ex parte motion to postpone inventory notice was granted by the district court. (Government's Suggestions in Opposition to Movant's Motion to Suppress Title III Evidence (doc #378) at 2) Further, the government states:

> At the outset of the criminal proceedings, the Government provided open discovery in this criminal case through a third-party vendor. As part of that discovery, the Government provided Dunn's counsel with all the evidence from the court-authorized wiretaps – the applications, affidavits, and orders, along with the recorded telephone conversations, provided on media compact disks, and all transcripts and/or summaries that had been prepared of the conversations.

(Id.) Defendant disputes the government's representation that he received these materials at the outset of the criminal proceedings. Defense counsel states that discovery was provided via the third-party vendor on August 19, 2009. (Defendant Dunn's Reply in Support of His Motion to Suppress Wire Intercept Evidence (doc #402) at 2) This discovery included transcripts of the intercepted calls and copies of the recorded telephone conversations. (Id.) However, it does not appear that the discovery included the applications for the wiretaps, the supporting affidavits or the orders as these were later requested from the government by subsequent counsel. (Id.)

Based on the representations of counsel, it appears that the statute was complied with under

---

[1] The government advises that monitoring of all wiretaps was concluded on June 12, 2009. (Government's Suggestions in Opposition to Movant's Motion to Suppress Title III Evidence (doc #378) at 2) Defendant states that he received inventory notice on November 13, 2009. (Suggestions in Support of Defendant Adrian Dunn's Motion to Suppress Wire Intercept Evidence (doc #372) at 1)

3

the provision of "[o]n an ex parte showing of good cause to a judge of competent jurisdiction the serving of the inventory required by this subsection may be postponed." Thus, there would be no basis for suppression.

Further, defendant admits to receiving the transcripts of the intercepted calls and copies of the recorded telephone conversations on August 19, 2009, clearly within ninety days of the conclusion of the wiretaps. Even if the government did not satisfy the statute, which the Court does not believe to be the case, defendant's motion to suppress must fail under the following Eighth Circuit precedent:

> We also reject Davis's claim that the evidence should have been suppressed because he did not receive notice, as required by 18 U.S.C. § 2518(8)(d), that his conversations had been intercepted. Failure to meet the notice requirement of section 2518(8)(d) does not render "unlawful an intercept order that in all other respects satisfies the statutory requirements." United States v. Donovan, 429 U.S. 413, 434 ... (1977). See United States v. Barletta, 565 F.2d 985, 991 (8th Cir. 1977). Congress did not intend postintercept notice "to serve as an independent restraint on resort to the wiretap procedure." Donovan, 429 U.S. at 439 .... Moreover, in preparing for trial Davis apparently had full access to all of the recorded calls and their transcripts and he has failed to show, or even argue, that in failing to properly notify him the government acted in bad faith or that failure to receive the notice caused him prejudice. ... In short, Davis presents no legitimate basis for excluding the wiretap evidence.

United States v. Davis, 882 F.2d 1334, 1344 (8th Cir. 1989)(footnote omitted). Further,

> ... when a person has actual notice that his conversations have been intercepted, both the statutory and constitutional requirements have been substantially complied with. ... To us the statute is concerned with adequate notice and not formalities. The record demonstrates that the appellees were sufficiently aware of the wiretap so as to be able to seek suppression of the evidence on a number of grounds .... The appellees had adequate notice in this case, and they have not shown that any prejudice resulted from the failure of the Government to formally serve them with the inventories.

United States v. Wolk, 466 F.2d 1143, 1145-46 (8th Cir. 1972). See also United States v. Nicholson, 231 F.3d 445, 451 (8th Cir. 2000)(defendant must show that postponement of notice caused him actual harm before he is entitled to suppression of wiretap evidence).

Defendant Dunn had timely actual notice of the wiretaps and access to the recorded calls and their transcripts. See Wolk, 466 F.2d at 1145 n.1 ("The complete availability of the tapes and transcript of interceptions affords a quality of notice which exceeds that required by the statute.")

4

Defendant has failed to show that the government acted in bad faith or that failure to receive the inventory notice prior to November 13, 2009, has caused him prejudice.[2] Defendant's argument for suppression must fail.

        2.        Question Whether Defendant Dunn is the Person Speaking on the Recordings

Defendant Dunn denies that he is the individual on the intercepted telephone conversations. (Suggestions in Support of Defendant Adrian Dunn's Motion to Suppress Wire Intercept Evidence (doc #372) at 2) Defendant states that the government has not identified any expert witnesses who plan to testify that the voice on the recordings is Dunn's voice. (Id.) Defendant argues that to the extent the government intends to rely on defendant Alejandro Corredor to testify that Dunn is the individual on the calls, defendant Corredor lacks credibility as he is testifying to obtain a deal from the government. (Id. at 3) Further, "[defendant Corredor] was not in the same room as the individual to whom he was speaking on the telephone and cannot possibly know with any degree of certainty to whom he was actually speaking when the telephone calls were intercepted and recorded." (Id.)

Defendant's argument that he is not the individual speaking in the recorded conversations appears to be an evidentiary issue to raise at trial. Whether the government will present sufficient evidence for a jury to find that defendant Dunn was involved in the intercepted calls is not an appropriate issue for the undersigned to take up pursuant to a motion to suppress.

    B.        Motion to Suppress All Evidence Not Disclosed On or Before July 6, 2009

Defendant argues that pursuant to the Court's Discovery Order filed June 26, 2009, the

---

[2]Defendant does provide the following unpersuasive argument that he suffered prejudice: "Mr. Dunn was prejudiced because while he received no notice of the intercepted telephone calls that allegedly involve him, the existence of the intercepted calls was used to support his detention." (Suggestions in Support of Defendant Adrian Dunn's Motion to Suppress Wire Intercept Evidence (doc #372) at 4) Defendant's detention hearing was held on June 25, 2009, thirteen days after the conclusion of the wiretaps. The statute allows the government ninety days (notwithstanding postponement) in which to serve the notice. Defendant cannot show prejudice based on the detention hearing. Furthermore, pursuant to defendant's motions, the Court has twice reconsidered its detention decision subsequent to defendant having access to the wiretap evidence with the same result, i.e. defendant remains detained.

government was to provide discovery to defendants within ten days from the date of arraignment (June 25, 2009, in defendant Dunn's case), thus making discovery due on or before July 6, 2009. (Motion to Suppress All Evidence Not Disclosed On or Before July 6, 2009 (doc #379) at 1) The motion states that "Mr. Dunn does not believe that any discovery was provided to his attorney at that time, Patrick Peters, on or before Monday, July 6, 2009." (Id. at 4) Thus, defendant argues all evidence against him should be suppressed. (Id. at 5)

The transcript of the July 1, 2009 scheduling conference shows that government counsel orally requested an extension of the discovery order and then advised the Court that some of the discovery could be provided to defendants the next week, prior to the July 20 trial setting. (See Transcript of Scheduling Conference (doc #357) at 11) In its response to defendant's motion to suppress, the government advises that after the scheduling conference, the five defense attorneys participating in the conference (including Patrick Peters, defendant Dunn's counsel at that time) were advised that "all the ICE ROI's (to that date) were in a binder in the United States Attorney's discovery room. They were also told that there were multiple disks of all 8000+ phone calls, in both English and Spanish for their listening pleasure." (Government's Suggestions in Opposition to Movant's Motion to Suppress All Evidence (doc #434) at 2) On July 16, 2009, defendant Dunn's counsel filed a Notice of Engaged Counsel requesting a continuance of the trial from the July trial docket. The Notice made no mention of a lack of access to discovery. After all the calls were transcribed, iVise was utilized to collect and disseminate all discovery to all defendants in the case. (Government's Suggestions in Opposition to Movant's Motion to Suppress All Evidence (doc #434) at 3)

Given the government's representation that it made available to defense counsel the discovery it had by offering them access to the United States Attorney's discovery room, there does not appear to be a violation of the discovery order. Further, each defendant was subsequently provided their own copy of the government's discovery. Defendant has not pointed to any prejudice that resulted from a lack of access to discovery. Defendant's argument for suppression must fail.

## III. CONCLUSION

For the reasons set forth above, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Dunn's Motion to Suppress Wire Intercept Evidence (doc #370). It is further

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Dunn's Motion to Suppress All Evidence Not Disclosed On or Before July 6, 2009 (doc #379).

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                                      */s/ Sarah W. Hays*
                                                     SARAH W. HAYS
                                    UNITED STATES MAGISTRATE JUDGE