# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09-CR-W-188-NKL |
| ADRIAN DUNN, | ) |
| Defendant. | ) |

# ORDER

Before the Court is Defendant Adrian Dunn's Motion for Reconsideration of Order Denying Bond [Doc. # 405]. For the following reasons, the Court denies the motion.

## I.     Background

On June 11, 2009, Defendant Dunn was charged under 21 U.S.C. §§ 841 and 846 with conspiracy to distribute cocaine in an amount of five kilograms or more. [Doc. # 1.] On June 25, 2009, United States Magistrate Judge Sarah W. Hays held a detention hearing at which the parties stipulated to the factual contents of the Pretrial Services Report as being the direct testimony of Pretrial Services Officer Emil Van Hecke. [Doc. # 82.] Judge Hays took the matter of detention under advisement and then granted the Government's motion to detain Dunn. [Docs. ## 81, 82.] In that Order, Judge Hays based her decision – pursuant to 18 U.S.C. §§ 3142(e) and (i) – on the following:

> (1) The Court finds that no condition or combination of conditions will reasonably assure: the safety of any person or the community.

> (2) The Court finds that the defendant has not rebutted by sufficient evidence to the contrary the presumption provided by statue.
> (3) The Court makes the following findings: As to danger:
>> Defendant has four prior felony convictions. He has a history of assaultive behavior with arrests as well as multiple convictions for assault. Defendant has not preformed well on supervision. Defendant has gang affiliation and has used an alias of Maurice Riley. During the execution of a search warrant at a residence affiliated with the defendant, the police recovered four loaded firearms, drugs, scales, and $41,000 of United States currency in the trunk of a car owned by the defendant. Court authorized wiretaps reflect numerous call between defendant and Alejandro Corredor which indicate that the residence where the search warrant was executed was used to distribute crack cocaine.

[Doc. # 81 at ¶¶ II A(2), II B, V B.]

On September 17, 2009, Dunn filed a motion for reconsideration. [Doc. # 157.] After hearing additional evidence submitted by Defendant Dunn and again considering the factual information contained in the Pretrial Services Report, Judge Hays denied the motion. [Doc # 178.]

On October 11, 2010, Defendant Dunn filed a second motion to reconsider bond. [Doc. # 364.] Judge Hays again denied the motion, writing:

> While the motion sets forth arguments in support of defendant's request that bond should be set, no new facts have been presented that would suggest the Court's original decision granting the government's motion for detention should be modified. This is a case in which the presumption applies; the penalties defendant faces are significant; and defendant has four prior felony convictions as well as several misdemeanor convictions and a history of failing to comply with conditions of supervision. Therefore, the Court declines to modify its original decision to detain the defendant.

[Doc. # 399.]

Defendant Dunn now asks the District Court to review Magistrate Judge Hays's Order denying his request for bond. [Doc. # 405.] This case is currently set on the February 2011 trial docket.

## II. Discussion

In his motion before the District Court, Defendant Dunn does not explicitly argue that the rebuttable presumption of 18 U.S.C. § 3142(e) in favor of detention does not apply, but rather offers a series of factual assertions with little evidentiary support. For example, Dunn argues:

> Mr. Dunn had an assault charge when he was 17 years old. The remaining charges identified by [Assistant United States Attorney] Marquez in his argument at the initial detention hearing were charges that had been *nolle prossed* or dismissed. . . . Mr. Dunn has explained to undersigned counsel that he believes Mr. Peters erroneously stipulated to the criminal history presented by pretrial services at his first detention hearing. Mr. Dunn believes that the criminal history, as stated at the initial detention hearing, is incorrect.

[Doc. # 405 at 3.]

This Court has reviewed the pretrial services report and finds it to be as described in Judge Hays's rulings. Defendant Dunn offers no evidence to support his belief that this criminal history is incorrect. The Court declines to overturn Judge Hays's rulings based on Defendant Dunn's subjective beliefs as to his criminal history.

Having conducted an independent review of the record in this case, the Court concurs with Judge Hays that Defendant Dunn's appearance at trial could not be reasonably guaranteed by methods other than pretrial detention. The penalties Defendant faces under 21 U.S.C. § 841(b)(1)(A) are significant. Defendant not only has a long criminal record of

felony and misdemeanor arrests and convictions, but also a history of failing to comply with the conditions of supervision.

**III.   Conclusion**

Accordingly, it is hereby ORDERED that Defendant Adrian Dunn's Motion for Reconsideration of Order Denying Bond [Doc. # 405] is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: February 1, 2011  
Jefferson City, Missouri