# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-CR-188-4-NKL |
| | ) |
| ADRIAN DUNN, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## ORDER

Before the Court is Defendant Adrian Dunn's Motion for Judgment of Acquittal or, in the Alternative, Motion for a New Trial [Doc. # 526]. For the following reasons, the Court denies the motion.

On February 18, 2011, a jury found Defendant Dunn guilty of the crime of conspiracy to distribute 5 kilograms or more of cocaine, as charged in Count One of the indictment. [Doc. # 524.] On March 1, 2011, Dunn timely filed this motion, invoking Rule 29(c) and Rule 33 of the Federal Rules of Criminal Procedure.

Rule 29(c) states: "If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c). The Court should deny a motion for judgment of acquittal "where the evidence, viewed in the light most favorable to the government, is such that a reasonable jury could have found each of the essential elements

of the crime beyond a reasonable doubt." *United States v. Moyer*, 182 F.3d 1018, 1021 (8th Cir. 1999) (citations omitted).

Rule 33(a) provides that "the Court may . . . grant a new trial [to a defendant] if the interest of justice so requires." Fed. R. Crim. P. 33(a). The trial court has broad discretion to grant or deny a motion for new trial based upon the weight of the evidence, and "the trial court can rely on its own reading of the evidence – it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992) (quotation omitted). However, the trial court should exercise this discretion "sparingly and with caution" and only "if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002); *United States v. Anthony*, 537 F.3d 863, 867 (8th Cir. 2008).

Defendant Dunn first argues that the Court erred in denying his Motion to Suppress the Wire Intercept Calls [Doc. # 370] and his Motion to Suppress Evidence from 8717 Kentucky [Doc. # 381], which was also renewed at trial. In essence, this argument requests the Court to reconsider its February 13, 2011 Order adopting the reports and recommendations of U.S. Magistrate Judge Sarah W. Hays. [Doc. # 507.] There, the Court wrote:

> With respect to the Motion to Suppress Evidence Recovered from 8717 Kentucky Avenue, the Court finds: (a) it was reasonable for the officers to attempt to serve the arrest warrants for Defendants Dunn and Cheo Miles at 8717 Kentucky Avenue, (b) the officers properly maintained a presence at 8717 Kentucky Avenue while obtaining a search warrant, (c) the typographical

> error in the affidavit did not invalidate the search warrant, and (d) the search of the garage and vehicle was proper. *See United States v. Bulgatz*, 693 F.2d 728, 730 n.3 (8th Cir. 1982).
>
> With respect to the Motion to Suppress Wire Intercept Evidence, the Court finds that the issue of who is speaking on the wire is for a jury, and even assuming arguendo that the Government had not satisfied the notice requirement of 18 U.S.C. § 2518(8)(d), Defendant's motion would still fail under *United States v. Davis*, 882 F.2d 1334, 1344 (8th Cir. 1989), and *United States v. Wolk*, 466 F.2d 1143, 1145-46 (8th Cir. 1972).

[Doc. # 507 at 1-2.]

Dunn now argues, with respect to the Motion to Suppress Wire Intercept Evidence, that since Alejandro Corredor stated at trial that he had first listened to the calls "about a month ago" and had not begun cooperating with the Government until September 2009, no one could have identified Dunn as a speaker on the calls at the relevant times. Dunn had been identified as a target subject in a June 5, 2009 affidavit supporting an extension of a wiretap on Alejandro Corredor's telephone. During a December 9, 2010 suppression hearing, Special Agent King testified as follows:

> Q. . . . Can you explain to me how it was determined that AD is allegedly Adrian Dunn?
>
> A. His voice has been identified through cooperation of defendants in this case.
>
> Q. So, other defendants have testified that that's his voice?
>
> A. At least one, yes.

[Doc. # 444 at 48.] Contrary to Dunn's suggestion, Special Agent King did not identify the cooperating defendant – or defendants – as Alejandro Corredor.

3

Even assuming arguendo that neither Corredor nor any other cooperating defendant had identified Dunn's voice at the time of the affidavit, the fact that his associates referred to a man with his initials during drug-related calls would have been sufficient evidence to support the affidavit with regard to Dunn. For example, Special Agent King testified at the suppression hearing:

> There was a call on April the 12th [2009] and, basically, Alejandro Corredor is talking to Kendall Howard and he asked him if he had anything good and he said that "his boy," quoting Corredor, "his boy is over there on 87th and he is trying to get some." And Howard said that he was in Kansas but he would head that way, and then Corredor asked Howard if he could go to AD's and Howard asked if it was on 87th and Corredor said you – quoting him, "You know AD."
> . . .
> I probably wouldn't have known who AD was at the time, but since we had already spoken to DEA and they pointed out that they knew Adrian Dunn to be AD and that if we intercepted any calls indicating AD, and over time we figured out that that was, in fact, Adrian Dunn.

*Id.* at 40. The DEA "had given ICE the address of 8717 Kentucky as an address associated with Dunn" – matching the reference to 87th street on the wire. [Doc. # 453 at 2.] Therefore, there was sufficient evidence linking Dunn to both 8717 Kentucky Avenue and Corredor prior to the June 5, 2009 affidavit in support of the extension of the wiretap on Alejandro Corredor's telephone. Regardless, there was sufficient evidence regarding the drug conspiracy as a whole to extend the wiretap, and ultimately Corredor did identify Dunn as a voice on the wire and as a co-conspirator.

With respect to the evidence from 8717 Kentucky Avenue, Defendant Dunn now argues that the search warrant for 8717 Kentucky was premised on Special Agent King's

4

representation to Magistrate Judge Larsen that Dunn had been intercepted on numerous drug-related telephone calls with Alejandro Corredor and was therefore involved in drug trafficking with Corredor. Yet Dunn argues that King had no ability to prove that he was involved in the calls as of June 12, 2009. For the reasons stated above, in the Court's February 13, 2011 Order, and in Judge Hays's January 24, 2011 Report and Recommendation, Dunn's arguments to suppress evidence from 8717 Kentucky Avenue are without merit.

Defendant Dunn's remaining arguments involve the Government's late disclosures of witnesses' proffer statements. Dunn argues that the Court erred in denying his motions to exclude witnesses and all discovery based on the Government's failure to comply with Magistrate Judge Hays's pretrial order on discovery. Dunn cites no law in support of these arguments.

This issue first came to the Court's attention in the week before trial. In a February 13, 2011 text order, the Court wrote:

> Pending before the Court are several motions to exclude witnesses. Having considered the relevant factors discussed in *United States v. Sandoval-Rodriguez*, 452 F.3d 984, 989 (8th Cir. 2006), the Court strikes Hironori James and Cindi Corredor from the Government's late filed witness lists. The Court denies the Defendants' request to strike Alejandro Corredor and Keith Rayford. The Court will defer ruling on Terrance Harris and Joel Guevera until trial.

[Doc. # 506.]

The Court ultimately determined that Terrance Harris and Joel Guevera could also testify, after considering the *Sandoval-Rodriguez* factors. In that case, the Eighth Circuit explained:

> We will reverse the district court's refusal to exclude the testimony of William Quinn based on the government's alleged late disclosure only if the district court abused its discretion in so ruling. . . . "In our review we consider (1) whether the Government acted in bad faith and the reason(s) for delay; (2) whether there is any prejudice to the defendant; and (3) whether any lesser sanction is appropriate to secure future Government compliance."

452 F.3d at 989 (quoting *United States v. Pherigo*, 327 F.3d 690, 694 (8th Cir. 2003)).

Here, by striking Hironori James and Cindi Corredor, the Court imposed a sanction meant to secure future Government compliance.

More importantly, the Defendants in this case were unable to show prejudice resulting from the late disclosure. *See United States v. DeCoteau*, 186 F.3d 1008, 1010-11 (8th Cir. 1999) (reversing district court's order striking Government's witnesses for a discovery deadline violation and noting that defendant's failure to request continuance supported finding of no prejudice). In *Sandoval*, the Eighth Circuit pointed to the fact that the defendant did not ask for a continuance to allow him adequate time to review the materials, even after the district court denied his motion to exclude the witness's testimony. 452 F.3d at 989. Here, the Court repeatedly offered Defendants a continuance to allow for further investigation. The Defendants declined the Court's offers of a continuance. Even now, Dunn's counsel offers no evidence of prejudice, after having weeks to investigate. The mere fact that the witnesses testified against him does not constitute prejudice.

Finally, although the Government's tardiness in disclosing the proffer statements violated the pretrial order and revealed an unfortunate lack of organization, there is little evidence of bad faith. *See id.* ("Even if the government's late disclosure violated the district court's general discovery and pretrial orders, we still conclude that the district court did not abuse its discretion in allowing Quinn to testify," in part because there was no bad faith). Even assuming that the Government had no good reason for the delay, the lack of prejudice to the Defendants and the imposition of a sanction on the Government with respect to Cindi Corredor and Hironori James justified the Court's decision to allow the testimony of Alejandro Corredor, Joel Guevera, Terrance Harris, and Keith Rayford.

In sum, the evidence does not weigh so "heavily . . . against the verdict that a miscarriage of justice may have occurred." *Campos*, 306 F.3d at 579. Rather, the evidence presented to the jury clearly supported its verdict. Defendant Dunn fails to call into question any element of the Government's case against him, and there was ample evidence to support the jury's verdict finding him guilty.

Accordingly, it is hereby ORDERED that Defendant Adrian Dunn's Motion for

Judgment of Acquittal or, in the Alternative, Motion for a New Trial [Doc. # 526] is DENIED.

                                                  s/ Nanette K. Laughrey
                                                  NANETTE K. LAUGHREY
                                                  United States District Judge

Dated: May 9, 2011
Jefferson City, Missouri